## Richmond

### ROBBIE W. ANGE V. COMMONWEALTH OF VIRGINIA.

April 22, 1977.

Record No. 760553.

Present, All the Justices.

*John C. Morrison, Jr. (Coureas, Abraham & Morrison,* on brief), for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

This appeal is from a final judgment entered by the court below finding Robbie W. Ange guilty of operating a vehicle while under the influence of intoxicants in violation of Code § 18.1-54. The court imposed a fine of $200 and a three-month jail sentence, which was suspended. It also suspended Ange's driver's license for a period of six months.

Appellant was involved in an automobile accident in Norfolk on January 27, 1974, which resulted in the death of Braxton Edward Gaskins. On March 5, 1975, the grand jury indicted appellant for involuntary manslaughter. Code § 18.1-25. On November 19-20, 1975, Ange entered a plea of not guilty to the indictment, waived trial by jury and was tried by the court below. After hearing the evidence the court dismissed the

manslaughter indictment, issued a bench warrant charging the defendant with driving under the influence of alcohol, and found Ange guilty as charged.

It is unnecessary for us to consider the assignments of error which question the sufficiency of the evidence to convict; the jurisdiction for the court to issue the bench warrant; or the admissibility of certain evidence to which appellant objected and excepted. Code § 19.1-8 (now Code § 19.2-8) requires that "[a] prosecution for a misdemeanor . . . shall be commenced within one year next after there was cause therefor". The accident occurred on January 27, 1974. The bench warrant was issued on November 20, 1975. Therefore the prosecution under the bench warrant for the misdemeanor of driving under the influence of alcohol was not commenced within one year next after the date of the commission of the offense, and appellant says it should be dismissed.

The two offenses, involuntary manslaughter and drunk driving, are not the same either in law or in fact. Nor is one a lesser degree of the other. Different facts must be alleged and proved to establish the offense of driving drunk that need not appear on the trial of manslaughter. Involuntary manslaughter in the operation of a motor vehicle is defined as "the accidental killing which, although unintended, is the proximate result of negligence so gross, wanton, and culpable as to show a reckless disregard of human life". *King* v. *Commonwealth*, 217 Va. 601, 607, 231 S.E.2d 312, 316 (1977). The gravamen of the offense of driving while intoxicated is operating a motor vehicle while normal faculties are impaired because of the consumption of alcohol.

In the instant case the bench warrant was issued to initiate a prosecution for a specific misdemeanor for which Ange could not have been convicted under the indictment upon which he was then being tried. The prosecution, having been commenced more than one year next after the date on which Ange was alleged to have driven under the influence of intoxicants, is barred by the applicable statute of limitations.

Accordingly, the judgment of the lower court is reversed, and the warrant will be dismissed.

*Reversed and dismissed.*