DARRELL HALL

v.

COMMONWEALTH OF VIRGINIA

No. 0402-85

Decided April 15, 1986

COUNSEL

F. H. Conway, for appellant.

W. Mark Dunn, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

KOONTZ, C.J.—Appellant was convicted of violating Code § 18.2-187.1[1] and raises two issues on this appeal. First, he contends that the prosecution of this charge was barred by the statute of limitations. Second, he contends that the evidence was insufficient to support the conviction. We find for the Commonwealth on both issues, and affirm.

In 1978, Ellis and Hassie Bruce resided in Danville, Virginia. At that time, appellant, their grandson, was a member of the United States Marine Corps stationed at Camp Lejeune, North Carolina.

The Bruces' phone bill for the months of July, August and September, 1978, was unusually high, and consisted of a large number of calls billed to their number from other places. Most of these calls were to Danville, and were placed from Camp Lejeune or from neighboring Jacksonville, North Carolina. Mrs. Bruce

---

[1] Code § 18.2-187.1 provides in pertinent part that it "shall be unlawful for any person to obtain or attempt to obtain . . . telephone service by the use of any scheme, device, means or method . . . with the intent to avoid payment of lawful charges therefor." Violation of this Code provision is a Class 6 felony if the value of the service obtained is $200 or more; if the value is less than $200, it is a Class 1 misdemeanor.

made a complaint to C & P Telephone Company, and an investigation ensued.

Based on this investigation, a felony warrant was issued in Danville on October 9, 1978, charging appellant with "unlawfully and feloniously making telephone calls with intent to defraud the C & P Telephone Company in the amount of $341.97, to wit; knowingly use telephone number of another without the authority of the person to whom such number was assigned." The warrant specified that the calls were made from June through September, 1978. Attempts to serve the warrant on appellant at that time proved unsuccessful.

Appellant was arrested in December of 1984. The preliminary hearing was held that month, and a grand jury indictment was returned in January, 1985. The trial court ruled that the numerous calls alleged in the indictment could not be aggregated to constitute one felony and allowed an amendment of the indictment. The amended indictment charged a misdemeanor violation in the amount of $14.91. Thereafter, appellant moved the court to dismiss the indictment on the ground that the statute of limitations had run on the misdemeanor charge. This motion was overruled.

At trial, the evidence revealed that the phone call cited in the amended indictment was one made to the residence of M. Reeves in Danville. Mrs. Bruce testified that she knew no one in Jacksonville or Camp Lejeune other than her grandson. C & P did not hold the Bruces responsible for the unauthorized calls, but accepted the loss.

Beverly Reeves testified that she and appellant were friends at the time the call was made, and that she resided with her father, M. Reeves, in Danville. She stated that appellant made a number of calls to her from Jacksonville or Camp Lejeune.

The evidence further showed that after appellant was arrested in Washington D.C. in December, 1984, he was returned to Danville by Detective Brown. After receiving his *Miranda* warning, appellant then gave Brown the following statement, which he refused to sign:

My name is Darrell Hall and I am twenty-six years old. I have a high school G.E.D. education. I have been advised of

my rights and I signed a waiver of my rights. I make the following statement of my own free will. No threats or promises have been made to me. In May 1977 I went into the U.S. Marine Corp [sic]. I took basic training at Camp Lejeune, North Carolina. After additional training I returned to Camp Lejeune around the first of 1978. From then until April of 1979 I was at Camp Lejeune, however, I was sent T.D.Y. a lot and was sent to upper New York State. I was in the field a lot. This was at Camp Lejeune, Morehead City. I also was away for twenty-four days due to an unauthorized leave. As to this charge of telephone fraud, I would make phone calls from Camp Lejeune. I would use my grandmother's phone number to bill the calls to. She did not give me permission to do this. Her telephone number was the only number that I used. I only called my girl friend, Beverly Reeves. It has been a long time and I do not remember her phone number. I am willing to pay this money back that I owe. I do not make much money but I would like to pay it back. This happened a long time ago and I was very young and I did not know the seriousness of what I have done. Detective Brown has read this statement back to me and I have been (given) the opportunity to read it also. It is true and correct to the best of my knowledge.

## I. The Statute of Limitation Question.

 Code § 19.2-8 provides, in pertinent part, that "a prosecution for a misdemeanor . . . shall be commenced within one year next after there was cause therefor." The issuance of a warrant commences a prosecution within the meaning of this provision. *Ange* v. *Commonwealth,* 217 Va. 861, 862, 234 S.E.2d 64, 65 (1977). Here, the warrant was issued well within the one year limitation period.

 The fact that the warrant (and subsequent indictment) charged a felony (unlawfully obtaining service in excess of $200 in value) does not bar prosecution for a lesser included misdemeanor so long as the prosecution was commenced within the applicable limitation period."[2] An indictment may be amended "provided the

---

[2] In *Ange,* prosecution was commenced by indictment obtained more than one year after the commission of the offense. The trial court dismissed the manslaughter indictment,

amendment does not change the nature or character of the offense charged." Code § 19.2-231. The indictment was amended in three respects. First, the time period charged in the indictment was narrowed from June through September 1978, to September 13, 1978. Second, the word "feloniously" was struck from the indictment. Third, the amount in question was amended from $341.97 to $14.91. The amendments did not change the nature of the offense; they merely had the effect of reducing the charge from a felony to a misdemeanor.

The Supreme Court in *Kelley* v. *Commonwealth,* 140 Va. 522, 531, 125 S.E. 437, 439 (1924), held that the trial court did not err in allowing an indictment to be amended to strike the word "feloniously." The amendment did not change the character of the offense charged in the original indictment. *Id.* at 532, 125 S.E. at 440. Likewise, the two other amendments which were made in the instant case did not alter the nature or character of the offense charged. The amended indictment still charged a violation of Code § 18.2-187.1.

## II. The Sufficiency of the Evidence Question.

The evidence was sufficient to sustain the conviction. First, Hassie Bruce testified that she knew of no one but appellant in the Camp Lejeune/Jacksonville area, and that she gave no one permission to charge phone calls to her number. Second, the testimony of Ellis Bruce indicated that he likewise did not give appellant permission to charge third-party calls to his number. Third, the Commonwealth introduced evidence that a phone call was made from Jacksonville, North Carolina to M. Reeves of Danville, Virginia on September 13, 1978. Fourth, Beverly Reeves testified

issued a bench warrant charging Ange with driving under the influence of alcohol, and found him guilty on that charge. The Supreme Court reversed. Because driving under the influence of alcohol is not a necessarily included lesser offense within a charge of manslaughter, the prosecution for the former offense was not commenced until the warrant was issued—well outside of the applicable one year limitation period.

We also note that most authorities agree that the commencement of a felony prosecution *after* the running of the limitation period for a necessarily included misdemeanor offense would result in a bar to a conviction for the necessarily included lesser offense. *See* 21 Am. Jur. 2d *Criminal Law* § 225 (1981).

In this case, however, the prosecution for the felony was commenced (the warrant was issued) before the expiration of the statute of limitations on the necessarily included misdemeanor charge for which appellant was convicted.

that appellant made numerous calls to her at M. Reeves' number during the time in question. Last, appellant admitted to placing calls to Beverly Reeves from Camp Lejeune/Jacksonville and charging them to his grandmother's number.

Viewing the evidence in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to support the finding that appellant placed the unauthorized call. Accordingly, we affirm the conviction.

*Affirmed.*

Coleman, J., and Keenan, J., concurred.