COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


WILLIAM BOYD SWINSON
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0157-94-2       JUDGE LARRY G. ELDER
                                        OCTOBER 3, 1995
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                    Herbert C. Gill, Jr., Judge


            Michael HuYoung (Jane Chittom; Shuford, Rubin &
            Gibney, on brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


        William Boyd Swinson (appellant) appeals his misdemeanor

conviction for petit larceny by obtaining money by false

pretenses in violation of Code § 18.2-178.  Appellant contends

that his prosecution, commenced by amended indictment on December

13, 1993, for a misdemeanor committed on December 20, 1990, was

time barred.  Specifically, appellant argues (1) the subsequent

misdemeanor charge was not a lesser included offense of the

original felony charge; (2) the original felony indictment was

void; and (3) the subsequent prosecution violated his

constitutional due process rights.  Because the trial court

committed no error, we affirm appellant's conviction.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

FACTS

On December 20, 1990, appellant attempted to obtain a refund for merchandise that he had just removed from the rack at a Sears & Roebuck store. Appellant was arrested for petit larceny by obtaining money by false pretenses, as a third offense larceny in violation of Code §§ 18.2-178[1] and 19.2-297.[2] A warrant was issued on December 20, 1990, appellant was indicted on this charge on July 8, 1991, and he was convicted on September 10, 1991.

On August 17, 1993, the Court of Appeals held in Swinson v. Commonwealth, 16 Va. App. 923, 434 S.E.2d 348 (1993)(Swinson I), that there was sufficient evidence to convict appellant of petit larceny by obtaining money by false pretenses in violation of

---

[1] Code § 18.2-178 provides:

> If any person obtain, by any false pretense or token, from any person, with intent to defraud, money or other property which may be the subject of larceny, he shall be deemed guilty of larceny thereof . . . .

[2] Code § 19.2-297 provides:

> When a person is convicted of petit larceny, and it is alleged in the indictment on which he is convicted, and admitted, or found by the jury or judge before whom he is tried, that he has been before sentenced in the United States for any larceny of any offense deemed to be larceny by the law of the sentencing jurisdiction, he shall be confined in jail not less than thirty days nor more than twelve months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

(Emphasis added).

2

Code § 18.2-178, but reversed and remanded "the conviction for a new trial on the charge of obtaining money by false pretenses pursuant to Code § 18.2-178, a misdemeanor."  (Emphasis added). The Court held that obtaining money by false pretenses was not an appropriate offense for purposes of sentence enhancement under Code § 19.2-297 and stated that "only a conviction of petit larceny in violation of Code § 18.2-96 may be enhanced by a prior conviction of an offense deemed to be larceny by Code § 19.2-297."

On remand, the Commonwealth moved to amend the July 8, 1991 indictment to charge only petit larceny by obtaining money by false pretenses in violation of Code § 18.2-178, a misdemeanor. The indictment deleted the language charging a felony pursuant to the sentence enhancement provision of Code § 19.2-297, but otherwise retained the original language.  Appellant moved to dismiss the amended indictment, but the trial court rejected his arguments and granted the Commonwealth's motion to amend the indictment on December 13, 1993.  On January 10, 1994, appellant was tried by a jury and convicted of petit larceny by obtaining money by false pretenses, a misdemeanor.

I.

We first hold that the Commonwealth properly amended the indictment and that the indictment was not void ab initio.  Code § 19.2-8 requires that "[a] prosecution for a misdemeanor, or any pecuniary fine, forfeiture, penalty, or amercement, shall be

3

commenced within one year next after there was cause therefor, except that a prosecution for a petit larceny may be commenced within five years . . . ." See Kelley v. Commonwealth, 17 Va. App. 540, 544 n.1, 439 S.E.2d 616, 619 n.1 (1994). The issuance of a warrant commences a prosecution within the meaning of Code § 19.2-8. Hall v. Commonwealth, 2 Va. App. 159, 162, 342 S.E.2d 640, 641 (1986)(citing Ange v. Commonwealth, 217 Va. 861, 862, 234 S.E.2d 64, 65 (1977)). Here, the warrant was issued on the same day the crime was committed.

As we have also stated:

The fact that the warrant (and subsequent indictment) charged a felony . . . does not bar prosecution for a lesser included misdemeanor so long as the prosecution was commenced within the applicable limitation period. An indictment may be amended "provided the amendment does not change the nature or character of the offense charged."

Hall, 2 Va. App. at 162-63, 342 S.E.2d at 641-42 (citing Code § 19.2-231)(footnote omitted). In this case, the original indictment, issued July 8, 1991 read:

On or about the 20th day of December, 1990, in the City of Colonial Heights, WILLIAM BOYD SWINSON, did unlawfully and feloniously with intent to defraud, obtain, by false pretenses, property/merchandise having a value of less than $200.00 and being the property of Sears, Southpark Mall; having been previously convicted two (2) times for larceny in the United States. Va. Code Ann. § 18.2-78; § 19.2-297.

The amended indictment, issued December 13, 1993, read:

On or about the 20th day of December, 1990, in the City of Colonial Heights, WILLIAM BOYD SWINSON, did unlawfully with intent to defraud, obtain, by false

> pretenses, property/merchandise having a value of less than $200.00 and being the property of Sears, Southpark Mall. Va. Code § 18.2-78.

As the Commonwealth correctly asserts, the amendment merely deleted any references to felonious conduct and appellant's prior larceny convictions, which would have enhanced the penalty for the charged offense.[3] "The amendments did not change the nature of the offense; they merely had the effect of reducing the charge from a felony to a misdemeanor." Hall, 2 Va. App. at 163, 342 S.E.2d at 642. Thus, because "[t]he amendment neither changed the nature or character of the offense charged nor resulted in surprise or prejudice to [appellant]," Cantwell v. Commonwealth, 2 Va. App. 606, 609, 347 S.E.2d 523, 524 (1986), the trial court did not err in allowing appellant to be tried on the amended misdemeanor charge.

We also reject appellant's contention that the indictment was void ab initio. In Wilder v. Commonwealth, 217 Va. 145, 147, 225 S.E.2d 411, 413 (1976), the Supreme Court determined that an indictment is void where it states no offense. See also Wall Distribs., Inc. v. City of Newport News, 228 Va. 358, 362, 323 S.E.2d 75, 77-78 (1984)(stating indictment was not void where there was no misunderstanding as to what it charged). Appellant argues that because we determined in Swinson I that there is no

_____

[3] As the trial court recognized, "it is the same offense without the enhanced penalty." Similarly, in Swinson I, this Court remanded appellant's case specifically directing that he be tried on the same charge--only as a misdemeanor, not a felony.

5

such offense as felonious petit larceny in violation of Code § 18.2-178, the original indictment was void. We reject appellant's argument for the reasons stated above and conclude that the enhanced penalty language, which was included in the original indictment, did not invalidate the underlying charge of violating Code § 18.2-178, a misdemeanor.

## II.

Appellant also asserts that the Commonwealth violated his constitutional due process rights when it tried him for a second time, after the original one-year statute of limitations expired. Due process rights are primarily intended to prevent prejudice to a defendant caused by the mere passage of time from the commission of the crime until trial. Holliday v. Commonwealth, 3 Va. App. 612, 616, 352 S.E.2d 362, 364 (1987)(citing United States v. McDonald, 456 U.S. 1 (1982)); Walker v. Commonwealth, 4 Va. App. 286, 296, 356 S.E.2d 853, 858 (1987). However, as the United States Supreme Court has recognized, the "Due Process Clause has [only] a limited role to play in protecting against oppressive delay." United States v. Lovasco, 431 U.S. 783, 789 (1977). "The due process clause may provide a criminal defendant with some protection against overly stale claims if the defendant can establish that (1) the prosecutor intentionally delayed indicting him to gain a tactical advantage and (2) the defendant incurred actual prejudice as a result of the delay." Hall v. Commonwealth, 8 Va. App. 526, 529, 383 S.E.2d 18, 20 (1989)

(citation omitted).

In this case, appellant does not allege that the prosecutor intentionally delayed re-indicting him to gain a tactical advantage, or that the Commonwealth, in any way, purposefully delayed issuing an amended indictment. Appellant also fails to allege that he incurred actual prejudice as a result of the delay. Instead, appellant's sole due process argument asserts that after the Commonwealth mistakenly tried him on the original felony charge, it overzealously prosecuted him on the misdemeanor charge. This argument fails to present a convincing due process claim, as the record reveals that the Commonwealth prosecuted appellant without delay both times and that it did not, in bad faith, originally indict him on an enhanced punishment felony charge. Therefore, we hold that appellant was not denied due process.

Accordingly, we affirm the conviction.

Affirmed.