## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Frank G. Gomez

June 17, 1996

Case No. M004130

BY JUDGE THOMAS S. KENNY

This matter is before the Court on Defendant Gomez' Plea in Bar and Motion to Quash Indictment. Defendant's Plea in Bar raises the matter of whether the issuance of a warrant tolls Va. Code § 19.2-8, which requires the prosecution of a misdemeanor to be commenced within one year of the offense. Defendant's Motion to Quash Indictment raises the issue whether the doctrine of *res judicata* applies when the Commonwealth attempts to prosecute an individual in circuit court based on charges that were dismissed by a general district court.

After careful consideration of counsels' arguments, I deny Defendant Gomez' Plea in Bar and grant his Motion to Quash Indictment for the reasons set forth below.

In this case, Fairfax police arrested Frank Gomez on March 9, 1995, for driving while intoxicated in violation of Va. Code § 18.2-266. A Breath Alcohol Analysis of Mr. Gomez revealed a blood alcohol concentration of 0.12 grams per 210 liters of breath. As a result: (1) Gomez' license to operate a motor vehicle was suspended for seven days pursuant to Va. Code § 46.2-391.2; and (2) a magistrate issued a warrant alleging a violation of § 18.2-266. On June 12, 1995, however, substitute Judge George Ragland of the General District Court of Fairfax County granted Gomez' Motion to Dismiss the warrant on the basis that the proceeding then before the General District Court was barred by the doctrine of double jeopardy.

At the time of Judge Ragland's decision, the Virginia judiciary was split on the double jeopardy question. On October 31, 1995, the Virginia Court

of Appeals settled the matter by ruling that double jeopardy did not apply to this set of circumstances. See *Tench v. Commonwealth*, 21 Va. App. 200 (1995). Thereafter, in March, 1996, a circuit court grand jury indicted Gomez based on the same § 18.2-266 violation. Defendant Gomez then filed and argued the motions now at issue.

*Defendant's Plea in Bar*

Virginia Code § 19.2-8 states in part: "A prosecution for a misdemeanor . . . shall be commenced within one year next after there was cause therefor . . . ." The issuance of a warrant commences prosecution within the meaning of that provision. *Hall v. Commonwealth*, 2 Va. App. 159, 162 (1986) (citing *Ange v. Commonwealth*, 217 Va. 861, 862 (1977)). Whether the issuance of a warrant tolls the statute of limitations as to a prosecution under a second instrument depends on whether the nature or character of the offense charged is being altered. *Id.* at 163.

Here, the Magistrate issued a warrant against Mr. Gomez, charging him with a violation of Va. Code § 18.2-266, a misdemeanor. The warrant was issued the same day as his arrest, thus commencing prosecution and immediately tolling the one-year statute of limitations. Judge Ragland's dismissal of that action on June 12, 1995, however, started the clock anew. Nonetheless, the grand jury's issuance of the indictment against Mr. Gomez in March, 1996, was sufficient to reinstitute prosecution against Mr. Gomez. The indictment charged Mr. Gomez with the same violation as the warrant and was filed with three months and three days to spare. Thus, Defendant Gomez' Plea in Bar is denied.

*Defendant's Motion to Quash Indictment*

With respect to the issue of whether the doctrine of res judicata is applicable, the present factual scenario is virtually identical to the case of *Commonwealth v. Fiero* (Fairfax Co. Cir. Ct., Case No. M004128).[1] Therefore, I find that *res judicata* bars prosecution under the indictment and grant Defendant's Motion to Quash Indictment on the basis of my reasoning in *Fiero*. *Id.* (Opinion letter dated April 24, 1996.) *See also Commonwealth v. Holloway*, No. 004131 (Fairfax Co. Cir. Ct., opinion letter dated May 22, 1996) (per Vieregg, J.).[2]

---

[1] This opinion is printed above at page 209. [Reporter's Note]

[2] This opinion is printed above at page 260. [Reporter's Note]