756 S.E.2d 917

Yvonie Décor CHARLES

v.

COMMONWEALTH of Virginia.

Record No. 0790–13–1.

Court of Appeals of Virginia,
Chesapeake.

April 29, 2014.

290

A. Robinson Winn, Deputy Public Defender (Chesapeake Public Defender's Office, on brief), for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R. Herring, Attorney General, on brief), for appellee.

Present: FRANK, HUMPHREYS and CHAFIN, JJ.

HUMPHREYS, Judge.

Yvonie Décor Charles ("Charles") was convicted at a bench trial in the Circuit Court of the City of Chesapeake ("trial court") of two counts of petit larceny third offense, in violation of Code §§ 18.2–96 and 18.2–104. On appeal, Charles argues that the trial court erred in allowing the Commonwealth to amend the indictment from a charge of grand larceny to a charge of petit larceny third offense because the amendment changed the nature and character of the offense. She also argues that the evidence was insufficient to prove that she had the intent to steal.

## I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Rushing v. Commonwealth*, 284 Va. 270, 274, 726 S.E.2d 333, 335 (2012).

### A. Theft from Dillard's

On August 29, 2011, Lisa Fowlkes ("Fowlkes"), a security camera operator for Dillard's department store, was watching the sales floor at Dillard's when she noticed Charles and her co-defendant, Arlene McCall ("McCall"). Fowlkes saw Charles grab numerous boys' Polo shirts from one section in the store and place them on a shelf in another section of the store.[1] McCall was carrying a Macy's shopping bag that appeared to have some items in it, but it was not full. After some time looking around the store separately, Charles and McCall reconvened. At that time, McCall held the Macy's shopping bag open while Charles placed the boys' Polo shirts in the bag. Fowlkes did not lose sight of Charles or McCall, and she was absolutely sure that Charles put the Polo shirts in the Macy's bag. The women left Dillard's together with the bag containing the Polo shirts; they did not stop at any cash registers or make any purchases after taking the items from the sales floor. McCall carried the Macy's bag out of the store. Fowlkes noted that the Macy's shopping bag was fuller upon the women's departure from the store than it was when they entered.

After Charles and McCall passed all points of purchase, loss prevention officer Jerry Morgan ("Morgan") proceeded to stop the two women. Charles charged Morgan and struck him in the chest twice with her forehead. He wrestled her to the ground. Charles finally agreed to comply with Morgan. After walking three feet towards Dillard's, Charles shoved Morgan in the chest and took off running. Morgan took her down again and waited for backup. The Polo shirts were removed

---

1. Loss prevention officer Jerry Morgan explained that this practice is referred to as "staging."

from the Macy's bag in the Dillard's loss prevention office. A receipt reflects that eight Polo shirts were in the bag and they cost $29.99 each.

## B. Theft from Icing [2]

On May 14, 2012, Veronica Bell ("Bell"), an Icing store employee, noticed Charles looking around in the store and saw Charles put a pair of earrings inside of her bra. The earrings were long, and Bell could easily see them through Charles's revealing shirt. Charles left the store and entered the common area of the Chesapeake Square Mall without paying for the earrings. After struggling with the security guard, Charles was eventually detained.

## C. Procedural History

On October 2, 2012, the grand jury indicted Charles for grand larceny, in violation of Code § 18.2–95, for the incident at the Dillard's store, and for petit larceny third offense, in violation of Code §§ 18.2–96 and 18.2–104, for the incident at the Icing store. The trial on these two charges began on November 13, 2012. The Commonwealth introduced two of Charles's prior conviction orders showing larcenous offenses: a 1995 conviction order for two counts of grand larceny in Virginia Beach, and a 1998 conviction order for second offense petit larceny in Portsmouth.

Charles's counsel made a motion to strike the grand larceny charge for lack of proof of value. The Commonwealth argued that the evidence was sufficient to support the charges, but if the court did not accept the testimony as to value, the Commonwealth would have a motion to amend the charge on the indictment from grand larceny to petit larceny third offense. The trial court ruled that the Commonwealth failed to prove that the value of the items taken from Dillard's totaled $200 or more as required to support the grand larceny charge, but that the evidence was sufficient to prove that

---

2. Icing is a chain of retail stores specializing in women's jewelry and accessories.

Charles stole the items from Dillard's. The trial court asked the parties to research whether the Commonwealth could properly amend the charge in the indictment.

On March 5, 2013, almost four months after the trial, the parties reconvened before the trial court. The parties agreed that the Commonwealth's motion to amend the indictment was timely pursuant to Code § 19.2–231 and that petit larceny third offense is not a lesser-included offense of grand larceny. However, Charles's counsel argued that the Commonwealth should not be allowed to amend the charge because the amendment changed the nature and character of the offense. The trial court continued the case once again in order to review the trial transcript. On April 11, 2013, the trial court decided that the Commonwealth could properly amend the charge from grand larceny to petit larceny third offense. The trial court arraigned Charles on the amended indictment, and she pled not guilty. Charles's counsel renewed his motion to strike arguing that the facts were insufficient to prove third offense petit larceny because the Commonwealth failed to prove intent to steal on both charges. The trial court found that intent to steal was proven beyond a reasonable doubt. The trial court also found that the evidence introduced of Charles's prior larceny convictions sufficiently met the statutory requirements of petit larceny third or subsequent offense. The trial court convicted Charles of two counts of petit larceny third offense and sentenced her to eight years' incarceration with four years suspended.

## II.  ANALYSIS

### A.  Amendment of the Charge

██ Code § 19.2–231 governs the amendment of indictments, and provides in part:

> If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, presentment or information, at any time

before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged.

Charles's assignment of error is that "[t]he trial court erred, as it was improper to allow the Commonwealth to amend the grand larceny charge to third offense petty larceny, in that the amendment changed the nature and character of the offense." She asserts that "[t]he amendment of the indictment changed the nature and character of the offense by removing the $200 threshold which is required for grand larceny."

■ "In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions *de novo.*'" *Rollins v. Commonwealth,* 37 Va.App. 73, 79, 554 S.E.2d 99, 102 (2001) (quoting *Timbers v. Commonwealth,* 28 Va.App. 187, 193, 503 S.E.2d 233, 236 (1998)).

■ "The purpose of an indictment 'is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser.'" *Walshaw v. Commonwealth,* 44 Va.App. 103, 109, 603 S.E.2d 633, 636 (2004) (quoting *King v. Commonwealth,* 40 Va.App. 193, 198, 578 S.E.2d 803, 806 (2003)). Code § 19.2–231 "is remedial in nature and is to be liberally construed in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring reindictment by a grand jury." *Powell v. Commonwealth,* 261 Va. 512, 533, 552 S.E.2d 344, 356 (2001); *see also Sullivan v. Commonwealth,* 157 Va. 867, 877, 161 S.E. 297, 300 (1931) ("The manifest purpose of this statute is to allow amendments which avoid unnecessary delays and further the ends of justice, without prejudice to the substantial right of the accused to be informed of the accusation, and to one fair trial on the merits.").

■ "[W]here there is 'similarity of purpose and subject matter' of the Code sections involved, 'an amendment to an indictment [that merely] changes the Code provision under

which a defendant is charged ... does not change' 'the nature or character of the offense charged' and is permissible under the provisions of [Code] § 19.2–231.' " *Dunaway v. Commonwealth,* 52 Va.App. 281, 297, 663 S.E.2d 117, 125 (2008) (quoting *Edwards v. Commonwealth,* 218 Va. 994, 1003, 243 S.E.2d 834, 839 (1978)) (second and third alteration in original). In *Dunaway,* the appellant was originally charged with violating Code § 18.2–248(H1), distribution or intent to distribute at least 2.5 but less than 5.0 kilograms of a mixture containing cocaine base. *Id.* at 295, 663 S.E.2d at 124. The trial court permitted the Commonwealth to amend the charge to Code § 18.2–248(H2), distribution or intent to distribute at least 5.0 kilograms of a mixture containing cocaine base. *Id.* at 296, 663 S.E.2d at 125. This Court affirmed the trial court's decision to allow the Commonwealth to amend the indictment. *Id.* at 298, 663 S.E.2d at 126.

> It is clear ... that the amendment of the indictment had the effect of changing only the amount of the mixture containing cocaine base to be proved by the Commonwealth and the mandatory minimum punishment appellant faced if convicted. The amendment did not alter the essential, underlying conduct on the part of appellant that was charged in the original indictment-that is to say, "[t]he overt acts constituting the crime [remained] the same."

*Id.* at 296–97, 663 S.E.2d at 125 (quoting *Sullivan v. Commonwealth,* 157 Va. 867, 876, 161 S.E. 297, 300 (1931)).

The statutes at play in the present case share similarity of purpose and subject matter. Charles was originally indicted in the Dillard's case for violating Code § 18.2–95 which proscribes simple larceny: "Any person who ... (ii) *commits simple larceny* not from the person of another of goods and chattels of the value of $200 or more ... shall be guilty of grand larceny." The amended indictment charged Charles with violating Code §§ 18.2–96 and 18.2–104. Code § 18.2–96 also proscribes simple larceny: "Any person who ... 2. *Commits simple larceny* not from the person of another of goods and chattels of the value of less than $200 ... shall be deemed guilty of petit larceny, which shall be punishable as a Class 1

misdemeanor." Finally, Code § 18.2–104 shares the purpose of punishing larceny:

*When a person is convicted of an offense of larceny or any offense deemed to be or punished as larceny under any provision of the Code, and it is alleged in the warrant, indictment or information on which he is convicted, and admitted, or found by the jury or judge before whom he is tried, that he has been before convicted in the Commonwealth of Virginia or in another jurisdiction for any offense of larceny or any offense deemed or punishable as larceny, or of any substantially similar offense in any other jurisdiction, regardless of whether the prior convictions were misdemeanors, felonies or a combination thereof, he shall be confined in jail not less than thirty days nor more than twelve months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.*

Charles argues that the amendment to the indictment changes the nature and character of the offense because it "relieved the Commonwealth from the necessity of proving the $200 or more required for grand larceny." However, in analyzing whether an amendment to an indictment is compliant with Code § 19.2–231, the Court does not "compare the elements of the offense, but the underlying conduct of the defendant." *Pulliam v. Commonwealth,* 55 Va.App. 710, 717, 688 S.E.2d 910, 914 (2010). This Court has found that an amended indictment that reduced the required proof of value did not change the nature of the offense. *Hall v. Commonwealth,* 2 Va.App. 159, 163, 342 S.E.2d 640, 642 (1986). The issue in *Hall* was whether the statute of limitations barred prosecution after the Commonwealth amended the indictment to charge a lesser-included misdemeanor, but the short analysis focused on the amendments made to the indictment pursuant to Code § 19.2–231. *Id.* at 160, 162–63, 342 S.E.2d at 640–42. The appellant was originally indicted for feloniously obtaining telephone services in excess of $200 in value. *Id.* at 160, 342 S.E.2d at 640. The Commonwealth amended the indictment to charge him with a misdemeanor instead of a felony and to reduce the amount in question from $341.97 to

$14.91. *Id.* at 163, 342 S.E.2d at 642. This Court found that these amendments did not change the nature of the offense. *Id.* Therefore, in the present case, the fact that the Commonwealth no longer had to prove that Charles stole $200 or more in property under the amended indictment did not change the nature and character of the offense.

Charles only tangentially addressed on brief the fact that the amended indictment charging petit larceny third offense required additional proof that she had been convicted of larceny twice before. Our Supreme Court's holding in *Kelley v. Commonwealth,* 140 Va. 522, 125 S.E. 437 (1924), is controlling on this issue. In *Kelley,* the appellant was charged with the offense of storing for sale ardent spirits. *Id.* at 532, 125 S.E. at 440. The original indictment charged her with committing the offense "feloniously." *Id.* at 531, 125 S.E. at 439. The Commonwealth amended the indictment by striking the word "feloniously," and alleging that the appellant had been previously convicted of a similar offense. *Id.* The Court held that "[t]he amendments in question did not change the character of the offense charged in the original indictment." *Id.* at 532, 125 S.E. at 440.

> The charge with respect to the conduct of the accused which was alleged as rendering the accused guilty of an offense remained unchanged, namely, that she "did unlawfully . . . store for sale ardent spirits." Precisely the same conduct on the part of the accused was charged in the amended as in the original indictment. The amendments of the indictment concerned merely the matter charged in aggravation of the offense as compared with the offense if it had been a first offense, and of the punishment therefor, under the statute; which did not at all change the character of the second offense itself for which the accused stood indicted.

*Id.*

■ Our Supreme Court has also said that "the object of the allegation of prior conviction is to put the accused on notice that record proof of a prior conviction will be introduced, which, if it meets the requirement of the law, that is,

proves a prior conviction, will increase the penalty." *Keeney v. Commonwealth,* 147 Va. 678, 684–85, 137 S.E. 478, 480 (1927). "[T]he allegation of a prior conviction under the prohibition statute is no part of the offense charged, but it is the averment of a fact which, if proven, increases the penalty." *Id.* at 685, 137 S.E. at 481.

Similarly, in the present case, the amended indictment alleging petit larceny third offense merely alters the punishment as compared to a petit larceny first offense. *See* Code § 18.2–104. As in *Kelley,* in this case "precisely the same conduct on the part of the accused was charged in the amended as in the original indictment," *Kelley,* 140 Va. at 532, 125 S.E. at 440, namely, a simple larceny not from the person of another. Therefore, we hold that the amendment to the indictment did not change the nature and character of the offense, and the trial court did not err in allowing the Commonwealth to amend the indictment.

Charles argues that the amendment operated as a prejudice and surprise to her "in that the theft conduct in one case was totally unrelated to the conduct in the other case, thus changing the nature and character of the offense" and "it burdened [her] constitutional right to call for evidence in [her] favor." Charles's counsel expressed surprise when the Commonwealth initially moved to amend the indictment at the November 2012 trial. However, the trial court continued the matter until March 5, 2013, so that the parties could research whether the amendment to the indictment was proper. The trial court continued the case once again until April 11, 2013, at which time the trial court arraigned Charles on the amended indictment. The trial court inquired of Charles's counsel: "I assume this doesn't take you by surprise. Mr. Winn, are you asking for a continuance at all?" Charles's counsel replied: "No, sir."

Where it actually exists, Code § 19.2–231 provides that the remedy for "surprise" to a defendant upon an amended indictment is a continuance.

> After any such amendment the accused shall be arraigned on the indictment ... and the trial shall proceed as if no amendment had been made; but if the court finds that such

amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.

Code § 19.2–231. Charles effectively had a five-month continuance from the date that she knew of the Commonwealth's motion to amend the indictment to the date she was arraigned on the indictment. Moreover, the trial court asked if she needed a continuance after she was arraigned on the amended indictment and she said that she did not. We find no merit to Charles's complaint that she was surprised and prejudiced at trial when she denied the statutory remedy to cure any prejudice she suffered from the surprise. *See Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.").

## B. Sufficiency of the Evidence

■ Charles also argues that "[t]he trial court committed error in not sustaining defendant's motion to strike as to the lack of intent to steal on the amended case involving Dillard's." Charles contends that there was no evidence that she knew or had reason to know that her co-defendant intended to steal. She argues that she did not assist the co-defendant in putting items in the bag and she was not found in possession of any stolen items.

■ When the sufficiency of the evidence is challenged on appeal, this Court must " 'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.' " *Commonwealth v. McNeal*, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting *Vincent v. Commonwealth*, 276 Va. 648, 652, 668 S.E.2d 137, 139–40 (2008)). The Court should review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether " 'any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" *Brooks v. Commonwealth,* 282 Va. 90, 95, 712 S.E.2d 464, 466 (2011) (quoting *Glenn v. Commonwealth,* 275 Va. 123, 130, 654 S.E.2d 910, 913 (2008)).

■■■■ "'To constitute one an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal or party who commits the crime.'" *Foster v. Commonwealth,* 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942) (quoting *Triplett v. Commonwealth,* 141 Va. 577, 586, 127 S.E. 486, 489 (1925)).

> "Mere presence when a crime is committed is, of course, not sufficient to render one guilty as aider and abettor. There must be something to show that the person present and so charged, in some way procured, or incited, or encouraged, the act done by the actual perpetrator. But whether a person does in fact aid or abet another in the commission of a crime is a question which may be determined by circumstances as well as by direct evidence."

*Id.* at 99–100, 18 S.E.2d at 316 (quoting *Brown v. Commonwealth,* 130 Va. 733, 736–37, 107 S.E. 809, 810–11 (1921)). "[P]resence during the commission of a crime in connection with other circumstances showing intent to aid and abet the commission of that crime supports a fact finder's determination that a criminal intent existed." *Johnson v. Commonwealth,* 18 Va.App. 441, 449, 444 S.E.2d 559, 564 (1994). In *Johnson,* we found that the trial court could have determined that by Johnson's "presence and actions he aided and abetted the housebreaker," and this "is consistent with the trial court's finding that he possessed a guilty intent upon entry into the home." *Id.* at 499, 444 S.E.2d at 563–64.

The evidence established that Charles "staged" merchandise by taking a stack of boys' Polo shirts from one section and placing them on a shelf in another section of Dillard's. When Charles and McCall reconvened after looking around separate-

ly, Charles put the boys' Polo shirts in the Macy's shopping bag as McCall held the bag open. Charles and McCall then left the store together without purchasing the merchandise. A reasonable fact finder could conclude that Charles was present and aided and abetted McCall by her actions of placing merchandise in McCall's bag and leaving the store with McCall, knowing that the merchandise was not paid for. This conclusion is further supported by Charles's efforts to resist detention and her attempted flight from the loss prevention officer, which is evidence of her guilty mind. *See Leonard v. Commonwealth,* 39 Va.App. 134, 149, 571 S.E.2d 306, 314 (2002) (flight to avoid prosecution is admissible to show a consciousness of guilt). Therefore, we will not disturb the trial court's determination that Charles shared McCall's intent to steal from Dillard's.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court.

*Affirmed.*