COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Raphael
Argued at Lexington, Virginia

PUBLISHED

CHRISTOPHER POMPELL

OPINION BY
v.      Record No. 1246-23-3            JUDGE MARY GRACE O'BRIEN
MARCH 26, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

Aaron W. Graves for appellant.

Sheri H. Kelly, Assistant Attorney General (Jason S. Miyares,
Attorney General; Rebecca Johnson Hickey, Assistant Attorney
General, on brief), for appellee.


Christopher Pompell ("appellant") appeals the trial court's ruling permitting the

Commonwealth to amend an indictment to a misdemeanor that is not a lesser-included offense of

the originally charged felony, after the one-year statute of limitations on misdemeanors had expired.

Appellant asserts that an indictment charging a felony can be amended to a misdemeanor after the

one-year period has expired only if the amended charge is a lesser-included offense of the felony.

Because the amendment was permissible under Code § 19.2-231, we affirm.

BACKGROUND

On July 19, 2021, appellant was charged by warrant with felony breaking and entering with

the intent to commit assault and battery[1] for an offense committed on July 9, 2021. A grand jury

indicted appellant on May 16, 2022.

---

[1] Code § 18.2-91.

On November 9, 2022, the Commonwealth moved to amend the felony charge to misdemeanor unlawful entry.[2]  Appellant objected, arguing that the misdemeanor was not a lesser-included offense of the felony and the statute of limitations for the misdemeanor had expired under Code § 19.2-8.

On March 15, 2023, the court amended the indictment to misdemeanor unlawful entry. Relying on Code § 19.2-231,[3] the court found that the Commonwealth was permitted to amend the indictment because the amendment did not "change the nature or character of the offense charged."

Appellant moved to dismiss the amended indictment, again asserting that the amendment violated the statute of limitations because more than one year had passed between the offense—July 9, 2021—and the date the indictment was amended to a misdemeanor—March 15, 2023.  Appellant argued that the amended indictment commenced a "new prosecution . . . initiated outside the [one-year] period under [Code 19.2-8]."  The Commonwealth asserted that the amended indictment did not commence a new prosecution because it did not change the "nature and circumstances of the acts charged" in the original indictment.  The court denied appellant's motion to dismiss.

Appellant entered a conditional guilty plea under *North Carolina v. Alford*[4] to unlawful entry, reserving the right to appeal the court's rulings.

---

[2] Code § 18.2-121.

[3] Code § 19.2-231 provides, in relevant part, "[T]he court may permit amendment of such indictment . . . at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged."

[4] 400 U.S. 25 (1970).  Under *Alford*, criminal defendants who wish "to avoid the consequences of a trial" may "plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that they did not participate in the acts constituting the crimes."  *Carroll v. Commonwealth*, 280 Va. 641, 645 (2010) (quoting *Parson v. Carroll*, 272 Va. 560, 565 (2006)).

ANALYSIS

We review questions of statutory interpretation and statutes of limitations de novo. *Ruderman v. Pritchard*, 76 Va. App. 295, 302 (2022) (statutory interpretation); *Tuck v. Goodyear Tire & Rubber Co.*, 47 Va. App. 276, 284 (2005) (statute of limitations). "Where possible, an appellate court analyzing a statute must determine legislative intent 'from the plain meaning of the language used.'" *Street v. Commonwealth*, 75 Va. App. 298, 306 (2022) (quoting *Hillman v. Commonwealth*, 68 Va. App. 585, 592-93 (2018)). "[W]hen the General Assembly has used words that have a plain meaning, courts cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which it actually expressed." *Id.* (quoting *Coles v. Commonwealth*, 44 Va. App. 549, 557 (2004)). We must also assume "the legislature chose, with care, the words it used when it enacted the relevant statute." *Id.* (quoting *Chenevert v. Commonwealth*, 72 Va. App. 47, 57 (2020)).

This case presents an issue of first impression in Virginia: whether an amended indictment charging a misdemeanor similar in nature and character to the originally charged felony, but which is not a lesser-included offense, commences a new prosecution triggering the statute of limitations.

Appellant argues that an indictment charging a felony can be amended to a misdemeanor after the statute of limitations on misdemeanors has expired only if the misdemeanor is a lesser-included offense of the originally charged felony. Appellant contends that because misdemeanor unlawful entry is not a lesser-included offense of the originally indicted felony breaking and entering charge, the amended indictment commenced a new prosecution and was accordingly barred by the one-year limitations period for misdemeanors in Code § 19.2-8.

Code § 19.2-8 provides that a "prosecution for a misdemeanor . . . shall be commenced within one year next after there was cause therefor." It is well established that the "issuance of a

warrant commences a prosecution within the meaning of this provision." *Hall v. Commonwealth*, 2 Va. App. 159, 162 (1986). An indictment may be amended "at any time" before the fact finder returns a verdict if there is a "defect in form" or a "variance" between the allegations and the evidence,

> provided the amendment does not change the nature or character of the offense charged. After any such amendment the accused shall be arraigned on the indictment, presentment or information as amended, and shall be allowed to plead anew thereto, if he so desires, and the trial shall proceed as if no amendment had been made; but if the court finds that such amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.

Code § 19.2-231.

This Court has previously held that, "so long as the prosecution was commenced within the applicable limitation[s] period" for misdemeanors, an indictment may be amended from a felony to a lesser-included misdemeanor under Code § 19.2-231 without violating the statute of limitations. *Hall*, 2 Va. App. at 162-63. In *Hall*, the defendant was indicted for unlawfully and feloniously obtaining services with intent to defraud, and a warrant was issued within one year of when the offense occurred. *Id.* at 161. After the applicable limitations period on misdemeanors had expired, the Commonwealth moved to amend the indictment to charge a lesser-included misdemeanor. *Id.* Applying Code § 19.2-231, this Court ruled that the "amendment[] did not change the nature of the offense; [it] merely had the effect of reducing the charge from a felony to a misdemeanor," and the statute of limitations did not bar the amendment because the warrant had been issued before the limitations period on misdemeanors had expired. *Id.* at 162-63.

*Hall*'s reasoning did not rest on the bare fact that the amendment at issue was to a lesser-included offense. Rather, the central inquiry in *Hall* was whether the amendment was permissible under Code § 19.2-231; in other words, whether the amendment "alter[ed] the nature or character of the offense charged." *Id.* at 163. It did not, *Hall* concluded, and the prosecution

- 4 -

commenced before the applicable limitations period expired, so the amendment did not begin a new prosecution triggering the statute of limitations. *Id.* at 162-63.

We hold that *Hall*'s rationale extends to amendments charging misdemeanors that are not lesser-included offenses of the originally charged felony. Under Code § 19.2-231 and *Hall*, an amended indictment continues a prosecution, and does not commence a new one, if the amendment "does not change the nature or character of the offense charged."[5] Code § 19.2-231. This analysis does not by necessity hinge on whether the amended charge is a lesser-included offense. Here, the court found that the amendment did not change the nature or character of the offense charged. Appellant does not assign error to that finding. Accordingly, because it did not change the nature or character of the originally charged offense, the amendment did not commence a new prosecution that would be time-barred by Code § 19.2-8.

Appellant's argument that amendments must be limited to lesser-included misdemeanors, or else run afoul of the statute of limitations, finds no support in Code § 19.2-231 or in precedent

---

[5] We note, however, this Court clarified in *Taylor v. Commonwealth*, 64 Va. App. 282 (2015), that an amendment from a felony to a lesser-included misdemeanor is barred by the statute of limitations if the prosecution for the originally charged felony began *after* the limitations period on the lesser-included misdemeanor had already expired. *Id.* at 290 ("[O]ne cannot be convicted of a lesser offense upon a prosecution for a greater crime, which includes the lesser offense, commenced after the statute of limitations has run on the lesser offense."). In *Taylor*, this Court reasoned that

> it would negate the purpose and meaning of the statute of limitations to allow the Commonwealth to charge a defendant with a felony—after the limitations period on a lesser-included misdemeanor had run—just to obtain a conviction on the otherwise time-barred, lesser-included misdemeanor when the evidence proves insufficient to convict for the greater felony.

*Id.*; *see also Ange v. Commonwealth*, 217 Va. 861, 862 (1977) (dismissing a bench warrant issued more than one year after the date of the offense for a misdemeanor not similar "in law or in fact" to the felony indictment originally charging the defendant). Here, however, the warrant was issued well within the one-year limitations period for misdemeanors in Code § 19.2-8. *See Hall*, 2 Va. App. at 162.

interpreting this statutory text. For example, in *Pulliam v. Commonwealth*, 55 Va. App. 710, 717 (2010), we found that an indictment amended from charging indecent liberties with a child to aggravated sexual battery—a charge which is not a lesser-included offense of indecent liberties— did not change the nature or character of the offense because both crimes were "premised upon the same set of facts." In doing so, we specifically rejected an approach that "compare[d] the elements of [each] offense" and instead focused on "the underlying conduct of appellant." [6] *Id.*; *see also Cummings v. Commonwealth*, No. 1891-14-1, slip op. at 7-8, 2015 Va. App. LEXIS 325, at *10-11 (Nov. 10, 2015)[7] (finding that an amendment of an indictment from felony forgery to a non-lesser-included offense, misdemeanor obtaining property by false pretenses, did not change the nature or character of the offense charged where the "Commonwealth continually premised its case on the same operative facts throughout the prosecution" and the code sections shared "a similarity of purpose and subject matter").

When examining the statutory text, we assume the legislature chose with care the words it used when enacting Code § 19.2-231. *See Street*, 75 Va. App. at 306. Here, the General Assembly "expressed its intent in clear and unequivocal terms"—an indictment may be amended only if it corrects (1) a defect in form or (2) a variance between the allegations contained in the original indictment and the proof the Commonwealth expects to adduce at trial, "provided the amendment does not change the nature or character of the offense charged." *Haefele v. Commonwealth*, 75

---

[6] The separate elements analysis applies to double jeopardy considerations, *see Blockburger v. United States*, 284 U.S. 299 (1932), but has not been applied to statute of limitations questions or the amendment of charges. When reviewing whether an amendment to an indictment was permissible, the proper "touchstone" is "whether the original indictment fairly alerted the defendant to the subsequent charges against him." *United States v. Ojedokun*, 16 F.4th 1091, 1109 (4th Cir. 2021) (quoting *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003)).

[7] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012); *see also* Rule 5A:1(f).

Va. App. 591, 600 (2022) (quoting *Hill v. Commonwealth*, 73 Va. App. 206, 213 (2021)); Code § 19.2-231. This remedial statute is to be construed liberally. *Willis v. Commonwealth*, 10 Va. App. 430, 437 (1990) (Code § 19.2-231 "is remedial in nature and is to be liberally construed in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring reindictment by a grand jury."). The General Assembly did not limit amendments to lesser-included misdemeanors of originally charged felonies, and "it is not the province of the judiciary to add words to the statute or alter its plain meaning." *Haefele*, 75 Va. App. at 600 (quoting *Hill*, 73 Va. App. at 213); *see also Haba v. Commonwealth*, 73 Va. App. 277, 291 (2021) ("The absence of [certain limiting] language . . . signifies that the legislature did not intend to provide such limits."). Appellant's construction of Code § 19.2-231 would unduly limit the prosecution's ability to amend indictments, not merely in the context of a statute of limitations question, but in every case. Such a reading would be contrary to the legislative intent plainly manifested in the statute.

Further, the function of an indictment is to notify an accused of the nature and character of the accusations against him so that he can adequately prepare a defense. *Willis*, 10 Va. App. at 437-38. The limitation on amendments in Code § 19.2-231 serves an identical purpose. *Rawls v. Commonwealth*, 272 Va. 334, 346 (2006) (Code § 19.2-231 "is clearly intended to protect the defendant from being deprived of notice of the offense charged."); *see also Sullivan v. Commonwealth*, 157 Va. 867, 877 (1931) ("The manifest purpose of [a statutory predecessor to Code § 19.2-231] is to allow amendments which avoid unnecessary delays and further the ends of justice, without prejudice to the substantial right of the accused to be informed of the accusation, and to one fair trial on the merits."). Likewise, statutes of limitations "seek to ensure that defendants are afforded 'timely notice . . . that they will be called to account for their activities and should prepare a defense.'" *United States v. Ojedokun*, 16 F.4th 1091, 1109-10 (4th Cir. 2021)

(alteration in original) (quoting *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976)).  So long as the prosecution is commenced within the applicable limitations period for misdemeanors, an amendment that comports with the requirements in Code § 19.2-231 protects the right of an accused to timely notice of the charges against him.  Significantly, Code § 19.2-231 provides a remedy if the amendment "operates as a surprise."  In such an event, "the accused . . . shall be entitled, upon request, to a continuance of the case for a reasonable time."  Code § 19.2-231.  That provision further protects the substantial rights of an accused.  *See Sullivan*, 157 Va. at 877.

CONCLUSION

Because the amendment at issue was permissible under Code § 19.2-231, the amendment did not commence a new prosecution implicating the statute of limitations for misdemeanors in Code § 19.2-8.  Accordingly, we affirm the court's judgment and uphold Pompell's conviction.

*Affirmed*.