COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


CARL ANTHONY McCRAY, JR.
                                            OPINION BY
v.     Record No. 2673-00-1          JUDGE ROBERT P. FRANK
                                         DECEMBER 11, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Johnny E. Morrison, Judge

          Michael Rosenberg (Richardson and Rosenberg,
          on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Randolph A. Beales, Acting Attorney General,
          on brief), for appellee.


     Carl Anthony McCray, Jr., (appellant) was convicted in a

bench trial of entering a banking house while armed, in

violation of Code § 18.2-93, and other felonies not relevant to

this appeal.  He contends the trial court erred in finding him

guilty, since the evidence did not establish that the credit

union was a "banking house" under Code § 18.2-93.  For the

reasons stated herein, we affirm appellant's conviction.

                     I.  BACKGROUND

     The facts are not disputed.

     On August 26, 1999, appellant, carrying a firearm, entered

and robbed the Navy Yard Credit Union.  The robbery took place

in the credit union's loan department.  A surveillance tape

showed appellant committing the robbery.  Appellant, after being

Mirandized, identified himself on the surveillance tape.

In order to have an account at the Navy Yard Credit Union, a person must be a member.  Only a person who is "connected with the Navy Yard or something like that" can become a member and thus open a share account.

At the conclusion of the case, appellant moved to strike the evidence, contending a credit union is not a "banking house" under Code § 18.2-93.  More specifically, he argued Code § 18.2-93 does not prohibit entry into a credit union while armed.  The trial court overruled those motions and convicted appellant of violating Code § 18.2-93.

## II.  ANALYSIS

The sole issue before this Court is whether a credit union is a "banking house" under Code § 18.2-93.[1]  The statute does not define "banking house."

While the statute is penal and, therefore, "must be strictly construed," appellant is not "entitled to a favorable result based upon an unreasonably restrictive interpretation of the statute."  Mason v. Commonwealth, 16 Va. App. 260, 262, 430 S.E.2d 543, 543-44 (1993).

---

[1] Code § 18.2-93 states, in part, "If any person, armed with a deadly weapon, shall enter any banking house, in the daytime or in the nighttime, with intent to commit larceny of money, bonds, notes, or other evidence of debt therein, he shall be guilty of a Class 2 felony."

In interpreting statutory language, we have held:

> "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "[A] fundamental rule of statutory construction requires that courts view the entire body of legislation and the statutory scheme to determine the 'true intention of each part.'" Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989) (quoting McDaniel v. Commonwealth, 199 Va. 287, 292, 99 S.E.2d 623, 627 (1957)).

Allard v. Commonwealth, 24 Va. App. 57, 67, 480 S.E.2d 139, 144 (1997). We, therefore, look to other sections of the Code to determine the legislative intent when using the term, "banking house."

The Virginia Uniform Commercial Code (UCC) includes "credit union" within the definition of a "bank." Under Code § 8.4-105, which defines terms for the Bank Deposits and Collections title of the UCC, "'Bank' means a person engaged in the business of banking, including a savings bank, savings and loan association, credit union or trust company." Code § 8.4-105(1). The Funds Transfers title of the UCC states, "'Bank' means a person engaged in the business of banking and includes a savings bank, savings and loan association, credit union, and trust company." Code § 8.4A-105(2). Code § 8.9A-102(8) in the Secured Transactions title, defines "bank" as "an organization that is engaged in the business of banking. The term includes savings

banks, savings and loan associations, credit unions, and trust

companies."

> The Virginia Credit Union Act defines "credit union" as:

> > a cooperative, nonprofit corporation,
> > organized under the laws of this
> > Commonwealth and authorized to do business
> > under this chapter for the purposes of
> > encouraging thrift among its members,
> > creating a source of credit at fair and
> > reasonable rates of interest, providing an
> > opportunity for its members to use and
> > control their own money on a democratic
> > basis in order to improve their economic and
> > social condition, and conducting any other
> > business, engaging in any other activity,
> > and providing any other service that may be
> > of benefit to its members, consistent with
> > the provisions of this chapter and any
> > regulations adopted by the Commission under
> > this chapter.

Code § 6.1-225.2. The powers of a credit union include receiving

savings, making loans, borrowing, investing its funds, and

offering financial services such as fund transfers, share draft

accounts, and safe deposit boxes. See Code §§ 6.1-225.21;

6.1-225.41; 6.1-225.51; 6.1-225.57.

This Court has never addressed the particular issue of

whether a "banking house" includes a credit union; however, we

have considered what constitutes a "banking house." In Black v.

Commonwealth, 20 Va. App. 186, 190, 455 S.E.2d 755, 757 (1995),

which involved a robbery at the Providence Savings and Loan

Association, an employee testified that his association offered

"services such as checking accounts, savings accounts, and

loans," performing banking services for its customers. Black

contended the savings and loan was not a bank and, therefore, not

a "banking house" under Code § 18.2-93. We held, based on the

employee's testimony, the savings and loan association was a "banking house." Id. at 191, 455 S.E.2d at 758. We reasoned:

> To construe the statute as appellant suggests would require us to conclude that the intent of the legislature was to punish armed entry into a "bank," but not to punish armed entry into a "savings and loan association." Such an interpretation is contrary to the legislative intent and requires "an unreasonably restrictive interpretation of the statute."

Id. at 191, 455 S.E.2d at 757 (citation unattributed). Given the statutory definitions of "credit union," this analysis applies in this case.

Here, appellant robbed the Navy Yard Credit Union. This credit union had a loan department and tellers to wait on customers. No other evidence was adduced to explain in detail the functions of the credit union. Nevertheless, the trial court could conclude from the evidence before it that the Navy Yard Credit Union satisfied the definition of "credit union" under Code § 6.1-225.2. Appellant has never contested that the Navy Yard Credit Union was, in fact, a credit union. This organization, given its legal duties and responsibilities, clearly performed the functions of a bank, although its customer base was restricted to people "connected with the Navy Yard." Therefore, the credit union was a "banking house" under Code § 18.2-93.

Appellant maintains we should distinguish Black because a credit union differs from a bank or a savings and loan association in that a credit union is for members only. This is a distinction without a difference.

Whether or not an institution is open to the public or restricts its customers to members is the type of technical distinction rejected in <u>Black</u>.  <u>See</u> <u>Black</u>, 20 Va. App. at 191, 455 S.E.2d at 757.  Clearly, a credit union conducts banking business.  As in <u>Black</u>, it would be senseless to punish armed entry into a bank but not into a credit union.  We, therefore, affirm appellant's conviction.

<u>Affirmed.</u>