COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Petty, Beales and Decker
Argued at Lexington, Virginia


REBECCA K. TAYLOR, S/K/A
 REBECCA KNIGHT TAYLOR

                                                              OPINION BY
v.        Record No. 2213-13-3            JUDGE WILLIAM G. PETTY
                                                         JANUARY 27, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

R. Shannon Kite (Cook Attorneys, P.C., on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Rebecca K. Taylor was convicted of battery pursuant to Code § 18.2-57.  On appeal, she

argues (1) the trial court erred in denying her motion to strike and in failing to grant her motion to

set aside the verdict as to the sufficiency of the evidence regarding the battery charge because the

conduct did not exceed the bounds of lawful parental discipline; and (2) the trial court erred in

denying her motion to set aside the verdict because the misdemeanor was not timely prosecuted

under Code § 19.2-8.[1]  For the reasons stated below, we reverse the judgment of the trial court.

I. BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

[1] Because we hold that prosecution of the misdemeanor battery charge was not timely
commenced, and therefore dismiss the charge for that reason, we need not address Taylor's first
assignment of error regarding the sufficiency of the evidence.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, the record establishes that on April 15, 2013, a grand jury indicted Taylor for felony child endangerment in violation of Code § 40.1-103. The indictment alleged that the offense occurred between January 1, 2011 and February 23, 2012. On September 25, 2013, a bench trial was held on the charge. Taylor made a motion to strike at the conclusion of the Commonwealth's evidence. She renewed her motion to strike at the conclusion of the defense's case. The trial court overruled the motion to strike. At the conclusion of the trial, the court withheld judgment and continued the case until September 30, 2013 for the purpose of reviewing relevant precedent on the matters before it.

On September 30, 2013, the trial court held that the evidence was insufficient to convict Taylor of the charged crime of child endangerment; however, it held that the evidence was sufficient to convict Taylor of the misdemeanor offense of battery under Code § 18.2-57, which it concluded was a lesser-included offense of child endangerment. No warrant, bench or otherwise, was issued against Taylor on that misdemeanor charge. Taylor then made a motion to set aside the verdict, objecting to the sufficiency of the evidence and the trial court's ruling that battery is a lesser-included offense of Code § 40.1-103.[2] Taylor also alleged that even if battery is a lesser-included offense of child endangerment, prosecution of that misdemeanor was commenced more than one year from the date of the offense and thus was barred by the statute of limitations. The trial court denied the motion, found Taylor guilty of battery, and sentenced her to eight months of incarceration. Taylor appeals that conviction here.

---

[2] We note that although Taylor contemporaneously objected to the trial court's finding that battery is a lesser-included offense of child endangerment, she did not assign error to that finding here. Thus, we will assume without deciding that misdemeanor battery is a lesser-included offense of felony child endangerment.

II. ANALYSIS

Taylor argues that the trial court erred in denying her motion to set aside the verdict because the misdemeanor was not timely prosecuted pursuant to Code § 19.2-8. We agree.

"Whether a claim is barred by the statute of limitations is a question of law. This Court 'review[s] questions of law *de novo*.'" Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005) (quoting Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002) (internal quotation marks and citation omitted)). Furthermore, when reviewing the statutory language, "we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Conyers v. Martial Arts World, 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). "If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute." Id.

Code § 19.2-8 states, "A prosecution for a misdemeanor . . . shall be commenced within one year next after there was cause therefor . . . ." We have previously held that "[t]he issuance of a warrant commences a prosecution within the meaning of this provision." Hall v. Commonwealth, 2 Va. App. 159, 162, 342 S.E.2d 640, 641 (1986) (citing Ange v. Commonwealth, 217 Va. 861, 862, 234 S.E.2d 64, 65 (1977)); cf. Phillips v. Commonwealth, 257 Va. 548, 553, 514 S.E.2d 340, 343 (1999) (noting that a prosecution "is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction"). This case, however, presents an issue not yet considered by the courts of the Commonwealth of Virginia: whether one can be convicted of a lesser offense upon a prosecution for a greater crime, which includes the lesser offense, commenced after the limitations period has run on the lesser offense.

In Hall, we held that the Commonwealth's prosecution of the defendant for a lesser-included misdemeanor was not barred by the statute of limitations because the warrant and subsequent indictment charging the defendant with a greater felony was commenced within the statute of limitations for the misdemeanor. Hall, 2 Va. App. at 162-63, 342 S.E.2d at 641-42. In dicta, we left open the resolution of the issue presented in this case, noting in a footnote that "most authorities agree that the commencement of a felony prosecution *after* the running of the limitation period for a necessarily included misdemeanor offense would result in a bar to a conviction for the necessarily included lesser offense." Id. at 162 n.2, 342 S.E.2d at 641 n.2.

Although we have not had an occasion to consider this issue, the overwhelming majority of American courts that have addressed it have concluded that one cannot be convicted of a lesser-included offense upon a prosecution for the greater crime when the prosecution is commenced after the limitations period has run on the lesser offense. See Waters v. United States, 328 F.2d 739 (10th Cir. 1964); Askins v. United States, 251 F.2d 909 (D.C. Cir. 1958); Spears v. State, 160 So. 727 (Ala. 1935); Padie v. State, 557 P.2d 1138 (Alaska 1976); Drott v. People, 206 P. 797 (Colo. 1922); Cane v. State, 560 A.2d 1063 (Del. 1989); Nelson v. State, 17 Fla. 195 (1879); State v. Brossette, 113 So. 366 (La. 1927); People v. Burt, 16 N.W. 378 (Mich. 1883); Riggs v. State, 30 Miss. 635 (1856); State v. Chevlin, 284 S.W.2d 563 (Mo. 1955); State v. Atlas, 244 P. 477 (Mont. 1926); State v. Stillwell, 418 A.2d 267 (N.J. Super. Ct. App. Div. 1980); People v. Di Pasque, 146 N.Y.S. 523 (N.Y. App. Div. 1914); State v. Price, 1998 Ohio App. LEXIS 6266 (Ohio Ct. App. 1998); Osborn v. State, 194 P.2d 176 (Okla. Crim. App. 1948) (recognizing without explicitly affirming the general rule); Hickey v. State, 174 S.W. 269 (Tenn. 1915) (recognizing rule, which stemmed from Tennessee statute almost identical to Code § 19.2-8); Fulcher v. State, 24 S.W. 292 (Tex. Crim. App. 1893); State v. King, 84 S.E.2d 313 (W. Va. 1954). In fact, Georgia appears to be the only state that permits such a conviction

- 4 -

without a statute expressly allowing it.  See Manning v. State, 182 S.E.2d 690, 691 (Ga. Ct. App. 1971).[3]

Recognizing the overwhelming authority supporting Taylor's argument, the Commonwealth argues that a misdemeanor prosecution was never "commenced" against Taylor within the meaning of Code § 19.2-8.  Therefore, it reasons, Code § 19.2-8 does not apply.  Furthermore, the Commonwealth argues that Code § 19.2-8 is *in pari materia* with Code § 19.2-285, and thus, they should be construed together.  According to the Commonwealth, Code § 19.2-285 expressly permits a fact-finder to convict a defendant of a lesser-included part of the larger offense.  That statute does not reference any time limitation.  Code § 19.2-285 provides,

> If a person indicted of a felony be by the jury acquitted of part of the offense charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor.  If the verdict be set aside and a new trial granted the accused, he shall not be tried for any higher offense than that of which he was convicted on the last trial.

Therefore, the Commonwealth asserts, because there was no "commencement" of a prosecution under Code § 19.2-8, the court was required by Code § 19.2-285 to sentence Taylor for misdemeanor battery without regard to the statute of limitations.  We disagree.

West Virginia, which shares our statutory scheme, provides particularly helpful guidance in addressing this argument.  In State v. King, the Supreme Court of Appeals of West Virginia adopted the majority rule, construing statutes nearly identical to our Code §§ 19.2-8 and 19.2-285.[4]  See King, 84 S.E.2d at 364-71.  In that case, King was indicted by a grand jury for

---

[3] By statute, Maine allows conviction for a time-barred, lesser-included offense.  See State v. Borucki, 505 A.2d 89, 91 n.2 (Me. 1986).

[4] West Virginia's version of Code § 19.2-8, W. Va. Code § 61-11-9, provides:  "A prosecution for a misdemeanor shall be commenced within one year after the offense was committed . . . ."  West Virginia's version of Code § 19.2-285, W. Va. Code § 62-3-14, provides: "If a person indicted for a felony be by the jury acquitted of part and convicted of part of the

malicious assault, a felony, in October 1953. Id. at 364. The indictment alleged that the crime occurred in October 1951. Id. at 371. At the conclusion of the trial, the jury found King guilty of assault and battery, a misdemeanor, and he was sentenced accordingly. Id. at 364. King appealed his conviction, alleging that a conviction for the lesser-included misdemeanor was barred by the statute of limitations under W. Va. Code § 61-11-9. Id. The Supreme Court of Appeals of West Virginia reversed the judgment against King, holding that his conviction for assault and battery was barred by the statute of limitations. Id. at 371. In doing so, West Virginia adopted the general rule that "'one indicted for an offense not barred by limitation, but convicted of a lesser included offense which is so barred, is entitled to discharge.'" Id. at 369 (quoting 22 C.J.S. Criminal Law § 225(b) (1989)).

In King, the attorney general made essentially the same argument asserted by the Commonwealth here: that W. Va. Code § 62-3-14, West Virginia's equivalent of our Code § 19.2-285, read in conjunction with the misdemeanor statute of limitations, "render[ed] [that] case . . . a prosecution for a felony," taking King outside the scope of the general rule quoted above. Id. The court reasoned, however, that W. Va. Code § 62-3-14 "simply provides a rule for criminal pleading." Id. at 370. The court noted that W. Va. Code § 62-3-14 merely provides that the accused in a trial on an indictment that charges a felony and a misdemeanor may be found not guilty of the felony, but guilty of a misdemeanor that is an inherent part of the felony charged. Id. The court observed that if King had been initially indicted for assault and battery, a misdemeanor, a conviction for that crime would have been barred by the statute of limitations. Id. at 371. Thus, it "necessarily follow[ed]" that his conviction for assault and battery was still

---

offense charged, he shall be sentenced by the court for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor."

barred by the statute of limitations, even though he was indicted for a felony that included the misdemeanor. Id.

The arguments of the parties in this case are almost identical to those in King. Here, like the attorney general in King, the Commonwealth argues that this case did not involve the "commencement" of a misdemeanor prosecution, making Code § 19.2-8 inapplicable; therefore, Code § 19.2-285 controls, allowing the misdemeanor conviction to stand.

As in King, had Taylor been indicted for a misdemeanor at the time she was actually charged with a felony, a conviction for the misdemeanor would have been barred by the statute of limitations.[5] Here, "cause" for prosecution arose sometime between January 1, 2011 and February 23, 2012. Prosecution was commenced, with respect to the felony child endangerment charge and, accordingly, the lesser-included battery charge, when a grand jury indicted Taylor on April 15, 2013, approximately a year and two months after the last date in which the crime could have occurred, February 23, 2012. Simply put, it would negate the purpose and meaning of the statute of limitations to allow the Commonwealth to charge a defendant with a felony—after the limitations period on a lesser-included misdemeanor had run—just to obtain a conviction on the otherwise time-barred, lesser-included misdemeanor when the evidence proves insufficient to convict for the greater felony.

We are unpersuaded by the Commonwealth's argument that Code § 19.2-285 rendered this case a prosecution of a felony. The fact that no warrant was issued against Taylor on the misdemeanor does not render Code § 19.2-8 inapplicable. If battery were not "substantially charged in the indictment" for felony child endangerment, Taylor could not have been convicted

---

[5] We note that, "[c]onsistent with the common law, Virginia has no general statute of limitation on felonies." Anderson v. Commonwealth, 48 Va. App. 704, 711, 634 S.E.2d 372, 375 (2006); see also Foster v. Commonwealth, 44 Va. App. 574, 576, 606 S.E.2d 518, 519 (2004), aff'd, 271 Va. 235, 623 S.E.2d 902 (2006).

of that offense under the felony indictment.  See Code § 19.2-285.  In King, for example, King was indicted for felony malicious assault, but, at the conclusion of the trial, the court instructed the jury on only misdemeanor assault and battery.  This sequence did not lead the Supreme Court of Appeals of West Virginia to find the misdemeanor limitation period inapplicable.  King was still "prosecuted" under the statute for the misdemeanor because he was indicted, and the prosecution presented evidence, on a greater felony that necessarily included the misdemeanor.

Therefore, consistent with the majority rule, we hold that one cannot be convicted of a lesser offense upon a prosecution for a greater crime, which includes the lesser offense, commenced after the statute of limitations has run on the lesser offense.[6]  As the Sixth Circuit Court of Appeals recognized, "'Statutes of Limitation in criminal cases differ from such statutes in civil cases, in that in civil cases they are statutes of repose, while in criminal cases they create a bar to the prosecution.'"  Benes v. United States, 276 F.2d 99, 108-09 (6th Cir. 1960) (quoting 1 Wharton, Criminal Procedure § 367, at 415 (10th ed.)).[7]  Thus, because prosecution was commenced more than one year from the date of the offense, the misdemeanor conviction under Code § 18.2-57 must be reversed.

------

[6] This holding does not conflict with our Court's limited precedent on the matter.  In Ange, the Supreme Court dismissed a bench warrant for a misdemeanor that the trial court issued more than one year after the offense allegedly occurred.  217 Va. at 862, 234 S.E.2d at 65.  Although the felony indictment was issued more than a year after the offense, the Court considered the date of the bench warrant for the misdemeanor as the date for "commencement" of the prosecution of the misdemeanor, and not the date of the felony indictment, because the misdemeanor was *not a lesser-included offense of the felony*.  Id.; accord Hall, 2 Va. App. at 162, 342 S.E.2d at 641 (using the date of the original felony warrant as the commencement date of the misdemeanor prosecution—"[t]he fact that the warrant . . . charged a felony . . . does not bar prosecution for *a lesser included misdemeanor* so long as the prosecution was commenced within the applicable limitation period").

[7] Of course, we recognize that "'[t]he statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases.'"  United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994) (quoting Biddinger v. Comm'r of Police, 245 U.S. 128, 135 (1917)) (noting that the statute of limitations set forth in the pertinent federal statute in that case was not jurisdictional—it was an affirmative defense that could be waived).

## III.  CONCLUSION

For the foregoing reasons, we reverse the ruling of the trial court.

<u>Reversed and dismissed.</u>