COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

DANIEL L. RIGDON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1101-17-1                      JUDGE TERESA M. CHAFIN
                                                    JANUARY 8, 2019

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                              Johnny E. Morrison, Judge

               W. McMillan Powers, Assistant Public Defender, for appellant.

               Victoria Johnson, Assistant Attorney General (Mark R. Herring,
               Attorney General, on brief), for appellee.


        Following a jury trial, Daniel L. Rigdon was convicted of two counts of contributing to

the delinquency of a minor, in violation of Code § 18.2-371, and one count of taking indecent

liberties with a minor while in a custodial relationship, in violation of Code § 18.2-370.1.[1]

Before the trial court imposed Rigdon's sentence, he moved to set aside the contributing to the

delinquency of a minor verdicts.  Rigdon argued that the indictments were filed after the

applicable statute of limitations had expired.  Denying Rigdon's motion, the trial court imposed

the sentence recommended by the jury.  He now appeals his convictions.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Rigdon was also charged with forcible sodomy, object sexual penetration, an additional
count of taking indecent liberties with a minor, and sexual battery.  The jury acquitted Rigdon of
those charges, and they are not at issue on appeal.

Background

"In accordance with familiar principles of appellate review, the facts [are] stated in the light most favorable to the Commonwealth, the prevailing party at trial." Scott v. Commonwealth, 292 Va. 380, 381 (2016) (citation omitted). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Muhammad v. Commonwealth, 269 Va. 451, 479 (2005).

The charges at issue arose from Rigdon's contact with two thirteen-year-old girls in February and March of 2012. Rigdon moved to Ohio in 2013. Amy Geiger, an Ohio police sergeant, went to Rigdon's home in 2016 and advised Rigdon that she wanted to speak to him about a matter in Virginia. Rigdon acknowledged that Geiger was referencing an incident concerning the two girls. He insisted that he "never had any physical contact" with either girl. Rigdon stated that although the matter had been investigated, "[n]othing ever came of it." When Rigdon met with Geiger for a formal interview, his attorney was present, and Rigdon claimed that he could not remember the details of the night at issue.

At trial, Rigdon testified that he never provided alcohol to or had sexual contact with either girl. Nevertheless, the jury convicted Rigdon of one count of taking indecent liberties with a minor while in a custodial relationship and two counts of contributing to the delinquency of a minor. The jury fixed Rigdon's sentence at one year of imprisonment for the felony indecent liberties charge and imposed a $1,000 fine for each of the two contributing to the delinquency of a minor misdemeanor charges.

Before he was sentenced by the trial court, Rigdon moved to set aside the verdicts for the contributing to the delinquency of a minor charges. In support of his motion, he argued that the prosecution on those misdemeanors was not commenced within a year of the date of the offense as required by the one-year statute of limitations set forth in Code § 19.2-8. As the alleged dates

of the offenses were between February 1, 2012 and March 31, 2012, Rigdon argued that the charges should have been brought by the Commonwealth on or before March 31, 2013. Rigdon then noted that he was charged on December 1, 2016. The Commonwealth argued that the motion was untimely, and the trial court took the matter under advisement.

At the May 30, 2017 sentencing hearing, the trial court denied Rigdon's motion to set aside the verdicts for the charges of contributing to the delinquency of a minor. The trial court imposed the jury's one-year active sentence on the indecent liberties charge. However, the trial court amended Rigdon's sentence after a June 19, 2017 hearing. An additional three years' incarceration was added to the sentence fixed by the jury for the indecent liberties conviction, all suspended, conditioned upon completion of a three-year period of postrelease supervision. Rigdon objected to the additional suspended sentence, arguing that the jury fixed his punishment at one year of incarceration. The trial court overruled Rigdon's objection.

Analysis

I. STATUTE OF LIMITATIONS IS AN AFFIRMATIVE DEFENSE

On appeal, Rigdon contends that the trial court erred by not setting aside the verdicts for the two misdemeanor contributing to the delinquency of a minor charges because the prosecutions were not commenced within a year of the date of the offenses and were therefore barred by the statute of limitations. For the reasons that follow, we affirm the decision of the trial court.

> "Whether a claim is barred by the statute of limitations is a question of law. This Court reviews questions of law *de novo*." Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284 (2005). Furthermore, when reviewing the statutory language, "we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Conyers v. Martial Arts World, 273 Va. 96, 104 (2007). "If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute." Id.

Taylor v. Commonwealth, 64 Va. App. 282, 285-86 (2015) (internal citations and quotation marks omitted).

In support of his argument, Rigdon relies on Code § 19.2-8 which states, "A prosecution for a misdemeanor . . . shall be commenced within one year next after there was cause therefore[.]" "We have previously held that the issuance of a warrant commences a prosecution within the meaning of this provision." Taylor, 64 Va. App. at 286 (quoting Hall v. Commonwealth, 2 Va. App. 159, 162 (1986)). Contributing to the delinquency of a minor is classified as a Class 1 misdemeanor and is subject to the one-year statute of limitations for the prosecution of misdemeanors as set forth in Code § 19.2-8.

The statute of limitations is not jurisdictional. United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994). If a criminal warrant for a misdemeanor is issued beyond the limitations period, the defendant must raise that as an affirmative defense or it is waived. Biddinger v. Comm'r of Police, 245 U.S. 128, 135 (1917); see also Locklear v. Commonwealth, 46 Va. App. 488, 498 (2005). A defendant is required to raise "[d]efenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried" in writing "at least [seven] days before the day fixed for trial" or "at such time prior to trial as the grounds for the motion or objection shall arise . . . ." Rule 3A:9(c).

It is clear from the record that Rigdon failed to raise an affirmative defense as to statute of limitations until after the jury had returned a guilty verdict for the contributing charges. Rigdon's contention that his assertion of the defense was timely under Rule 3A:9 because it was made prior to the entry of the final order is without merit. While the trial court did, in fact, have jurisdiction to consider whether the statute of limitations was applicable, it also had the power to find that Rigdon's statute of limitations defense was waived under Rule 3A:9.

Rigdon relies on Taylor to support his argument. This reliance is misplaced. In Taylor, this Court considered whether a defendant could be convicted of a lesser-included offense that would have been barred by the statute of limitations if it had been brought at the time the prosecution began. Taylor, 64 Va. App. at 286. Taylor was indicted on a felony offense for which the trial court found there was insufficient evidence. Id. at 284-85. However, there was sufficient evidence to convict her of the lesser-included misdemeanor. Id. at 285. Taylor argued that she could not be convicted of the misdemeanor because the one-year statute of limitations for misdemeanors had expired before the prosecution was commenced. Id. This Court agreed, ruling that a defendant cannot be convicted of a lesser-included offense when the prosecution for the greater offense was commenced after the expiration of the limitations period for the lesser offense. Id. at 285-87, 290.

Taylor was never separately charged with a misdemeanor, and therefore, was not afforded the opportunity to object to the statute of limitations before the commencement of the trial. See Rule 3A:9. In the present case, Rigdon was indicted for two counts of misdemeanor contributing to the delinquency of a minor. In order for his statute of limitations objection to be timely under Rule 3A:9, Rigdon's objection should have been filed in writing at least seven days before trial or "at such time prior to trial as the grounds for the motion or objection shall arise . . . ." Rule 3A:9(b)-(c). As the record proves, Rigdon did not raise an affirmative defense as to statute of limitations until after the jury had returned a guilty verdict for the contributing to the delinquency of a minor charges. Accordingly, the defense was waived.

II. Additional Term of Postrelease Supervision does not Violate the Fifth and Sixth Amendments

In his second assignment of error on appeal, Rigdon contends that Code § 19.2-295.2 is unconstitutional. Code § 19.2-295.2 requires the trial court, upon imposing an active term of incarceration, to sentence a defendant to between six months and three years of postrelease

supervision. In this case, the trial court imposed the jury's sentence of one year's imprisonment for Rigdon's indecent liberties conviction. Pursuant to Code § 19.2-295.2, the trial court additionally imposed three years' incarceration, suspended in its entirety, and a corresponding period of postrelease supervision. Rigdon suggests that the imposition of the additional three years' incarceration and the corresponding postrelease supervision had "the practical effect of increasing the sentence imposed upon [Rigdon] by a jury of his peers."

This Court reviews questions of statutory constitutionality *de novo*. Toghill v. Commonwealth, 289 Va. 220, 227 (2015). We presume that all acts of the General Assembly are constitutional. Va. Soc'y for Human Life, Inc. v. Caldwell, 256 Va. 151, 156-57 (1998). "[W]e are required to resolve any reasonable doubt regarding the constitutionality of a statute in favor of its validity." In re Phillips, 265 Va. 81, 85-86 (2003).

The sentence a jury recommends

> is not final or absolute, since [the jury's] finding on the proper punishment is subject to suspension by the trial judge, in whole or in part, on the basis of any mitigating facts that the convicted defendant can marshal. The verdict of the jury is the fixing of maximum punishment which may be served.

Duncan v. Commonwealth, 2 Va. App. 342, 345 (1986) (quoting Vines v. Muncy, 553 F.2d 342, 349 (4th Cir. 1977)). Therefore, "the trial judge may reduce a sentence but may not exceed the 'maximum punishment' fixed by the jury." Batts v. Commonwealth, 30 Va. App. 1, 16 (1999).

Nevertheless, the trial court may impose an additional term under particular circumstances. Code § 19.2-295.2(A) states, in pertinent part:

> At the time the court imposes sentence upon a conviction for any felony offense . . . the court . . . shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases in which the court orders a suspended term of confinement of at least six months, impose a term of postrelease supervision of not less than six months nor more than three years, as the court may determine. Such additional term shall be suspended and the

- 6 -

> defendant placed under postrelease supervision upon release from the active term of incarceration. The period of supervision shall be established by the court; however, such period shall not be less than six months nor more than three years.

Code § 18.2-10, which was enacted as part of the same statutory scheme, dictates that "such an additional term may only be imposed when the sentence includes an active term of incarceration in a correctional facility."

Postrelease supervision was created to serve a need following the abolition of parole in Virginia.

> Prior to the abolition of parole, a felon who was paroled from prison into the community would be under the supervision of parole authorities for a specified period of time. See Code § 53.1-159. The obvious purpose of both the amendment to Code § 18.2-10 and Code § 19.2-295.2 is to provide for a period of at least six months' supervision after parole was abolished for felons upon their release from active incarceration. Except for Code §§ 18.2-10 (1995 amendment) and 19.2-295.2, a felon who would have served a term of incarceration after the abolition of parole, perhaps a lengthy term, would have been released into the community without any supervision.

Lamb v. Commonwealth, 40 Va. App. 52, 57 (2003). Postrelease supervision gives individuals recently released from prison an opportunity to gradually transition back into society while under supervision. See Alston v. Commonwealth, 49 Va. App. 115, 124 (2006), aff'd, 274 Va. 759 (2007).

Rigdon contends that the postrelease supervision mandated by Code § 19.2-295.2 extended his sentence beyond the statutory maximum as determined by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. Thus, he argues, his Sixth Amendment right to a trial by jury was violated. Alston, 274 Va. at 763. However, Alston clearly held that the additional postrelease supervision mandated by Code § 19.2-295.2 does not invoke the Sixth Amendment concerns of Apprendi. Id. at 771. Code § 19.2-295.2 "does not require that a trial court find

proof of particular facts independent of the jury's conviction." Id. Thus, there was no violation of Rigdon's right to a trial by jury.

Rigdon also contends that his Fifth Amendment due process rights were infringed upon because the additional postrelease term of supervision was beyond the sentences determined by the jury. This Court has expressly held that the additional suspended term of incarceration and postrelease supervision mandated by Code § 19.2-295.2 do not violate due process under the Fifth Amendment. Boyd v. Commonwealth, 28 Va. App. 537, 541-43 (1998).

> [T]he legislature intended the procedures outlined in Code § 19.2-295.1 for the jury's ascertainment of punishment to be subject to (1) the provisions of [Code] § 19.2-295, which require the jury's sentence to be "within the limits prescribed by law"; (2) the provisions of [Code] § 19.2-295.2, which permit the trial court to impose a suspended term of incarceration and post-release supervision when the jury's sentence includes an active term of incarceration; and (3) the provisions of Code § 19.2-303, which permit the trial court to suspend some or all of a sentence and impose probation.

Id. at 542.

### III. SENTENCING

Shortly after oral argument in this appeal, the Supreme Court issued an opinion in Thomas v. Commonwealth, ___ Va. ___ (Oct. 18, 2018), which significantly impacted the outcome of this case. Thomas was convicted by a jury of felony child abuse and neglect and was sentenced to seven years' incarceration. The trial court imposed a sentence of ten years in prison, suspending three of those years "[a]fter Seven (7) years are served." Thomas argued that the sentencing order was "not consistent with Virginia's statutory scheme and impermissibly exceeded the sentence fixed by the jury." Id. at ___. The Supreme Court ruled that the trial court "had the authority under Code § 19.2-295.2 – indeed, the obligation, . . . to impose a separate additional term up to three years of post-release supervision." Id. at ___. Further, the

trial court was "required, under the authority of Code § 18.2-10, to impose a linked suspended term of incarceration." Id. at ___.

> The order as written, however, did not specify that the additional time was imposed pursuant to Code §§ 18.2-10 and 19.2-295.2. Furthermore, the period of post-release supervision imposed by the trial court was not "under the supervision and review of the Virginia Parole Board." Code § 19.2-295.2(B) . . . . The [trial] court impermissibly lengthened the sentence fixed by the jury from seven years to ten years, which the Code does not authorize. Sentencing orders must conform to statutory requirements.

Id. at ___.

The sentencing order in the present case imposes one year of incarceration. The trial court then imposed an additional term of three years' incarceration, which was suspended "conditioned upon the completion of a period of postrelease supervision of Three (3) Years to commence upon release from incarceration." The sentencing order did not "specify that the additional time was imposed pursuant to Code §§ 18.2-10 and 19.2-295.2." Id. In addition, the period of postrelease supervision was not specified to be "under the supervision and review of the Virginia Parole Board." Id. Therefore, the issues that were present with the sentencing order at issue in Thomas are also present in this case, and we must reverse and remand for entry of a sentencing order consistent with the ruling in Thomas.

## Conclusion

We hold that Rigdon failed to timely raise an affirmative defense concerning the statute of limitations applicable to his misdemeanor convictions. We further hold that Rigdon's constitutional rights were not violated. However, in light of the ruling of Thomas, ___ Va. ___, we reverse and remand for entry of a sentencing order in accordance with that opinion.

Affirmed in part; reversed and remanded in part.